IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff / Respondent, ) | |
| ) | |
| v. ) | Case No. 04-3215-JWL |
| ) | Case No. 02-20062-01-JWL |
| FLOYD McMILLON, ) | |
| ) | |
| Defendant / Petitioner. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Floyd McMillon has filed a pleading entitled "Motion Pursuant to Rule 60(b)(6)" (Doc. #55), by which he challenges this Court's denial of his previous petition under 28 U.S.C. § 2255. For the reasons set forth herein, to the extent that the motion raises issues specifically related the Court's denial of the previous section 2255 petition, the instant motion is denied; and to the extent that the motion raises any other issues, the motion is deemed a second or successive petition under section 2255 and is hereby transferred to the Tenth Circuit Court of Appeals for consideration.

### I.     Procedural History and Present Motion

On February 10, 2003, Mr. McMillon pleaded guilty in this Court to one count of aiding or assisting the preparation of false tax returns and one count of willfully failing to pay over tax to the IRS. As a part of his plea agreement, Mr. McMillon waived

the right to file any appeal or collateral attack of any matter in connection with his prosecution or sentence. On July 14, 2003, the Court sentenced Mr. McMillon to a term of imprisonment of 63 months and ordered restitution in the amount of $621,210.76. Mr. McMillon did not file a direct appeal of his conviction or sentence.

On July 13, 2004, Mr. McMillon filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he argued that the restitution amount was erroneous; that he should not have been given an enhancement under the sentencing guidelines based on his status as the owner and operator of the tax-preparation business; and that his counsel provided ineffective assistance at sentencing. *See United States v. McMillon*, No. 04-3215-JWL, 2004 WL 2660641, at *2 (D. Kan. Nov. 19, 2004) (unpub. op.). On November 19, 2004, the Court denied the petition, without a hearing and without reaching the merits of the petition, on the basis that Mr. McMillon had waived any such collateral attack in his plea agreement. *See id.* at *3-6. On October 25, 2005, the Tenth Circuit affirmed this Court's summary denial of the petition. *See United States v. McMillon*, 151 Fed. App'x 693, 2005 WL 2746742 (10th Cir. Oct. 25, 2005) (unpub. op.).

On December 27, 2006, Mr. McMillon filed the instant motion, by which he challenges this Court's denial of his section 2255 petition. Mr. McMillon seeks relief from that denial on the basis of Fed. R. Civ. P. 60(b)(6), as authorized by the Supreme Court's opinion in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Liberally construed, Mr. McMillon's pro se motion and reply brief contain the following five arguments:

(1) His base offense level and his restitution amount were excessive and unfair, *see* Motion (Doc. #55) at 3, 5; Petitioner's Answer to Government's Response (Doc. #59) at 1-2;

(2) His sentence violated the strictures of *United States v. Booker*, 543 U.S. 220 (2005), *see* Motion at 4;

(3) The provision in his plea agreement that his waiver did not apply in the event of an upward departure by the Court at sentencing was satisfied by the Court's application of guideline enhancements, *see* Motion at 4-5;

(4) The Court improperly denied the petition without a hearing, *see* Motion at 5;

(5) At the time of his plea, Mr. McMillon suffered from various medical problems, and his counsel erroneously represented that Mr. McMillon had not taken any medications, *see* Motion at 6-7.

**II.    Analysis**

   A.    *Gonzalez* Test for Application of Rule 60(b)

Mr. McMillon bases his present motion on Fed. R. Civ. P. 60(b)(6). That rule provides that a court, "upon such terms as are just," may relieve a party from a final judgment or order for "any other reason [than those specific reasons enumerated in the rule] justifying relief from the operation of the judgment." *Id.*

In *Gonzalez*, the Supreme Court held that Rule 60(b) may be used to seek relief from the denial of a post-conviction habeas petition under certain circumstances. *See*

545 U.S. 524.[1] The Supreme Court set forth means by which to determine whether a motion invoking Rule 60(b) properly seeks relief under that rule or should instead be treated as a second or successive habeas petition, for which prior appellate authorization is required. *See id.* at 530-33. The Tenth Circuit has summarized that test as follows:

> Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted). A motion "challenging the habeas court's previous ruling on the merits of that claim" should be treated as a second or successive habeas petition. *Id.* at 1216 (citing *Gonzalez*, 454 U.S. at 532). A Rule 60(b) motion that challenges a court's denial of a habeas petition on grounds other than the merits of the petition, on the other hand, should be treated as a proper Rule 60(b) motion. *See id.* (citing *Gonzalez*, 454 U.S. at 532 & n.4).

The Tenth Circuit has established the proper procedure for a district court's treatment of a Rule 60(b) motion in proceeding under section 2254 or section 2255. *See*

---

[1] Although the Supreme Court limited its analysis in *Gonzalez* to cases involving petitions under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the Tenth Circuit has held that the same analysis applies to cases involving petitions under either section 2254 or 2255. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006); *see also Spitznas v. Boone*, 464 F.3d 1213, 1215-17 (10th Cir. 2006) (setting out procedures for evaluating Rule 60(b) motions seeking relief from petitions under sections 2254 and 2255).

4

*id.* at 1216-17. The court must first determine, using the above criteria, "whether the motion is a true Rule 60(b) motion or a second or successive petition." *See id.* at 1216. If it is a true Rule 60(b) motion, it should be considered and ruled accordingly. *See id.* at 1217. If the motion is deemed a second or successive petition, it should be referred to the Tenth Circuit for authorization. *See id.*; 28 U.S.C. 2255 (second or successive petitions must be authorized by a court of appeals before consideration by the district court).

> In the case of a "mixed" motion—that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims—the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations of any other Rule 60(b) motion, and (2) forward the second or successive claims to [the Tenth Circuit] for authorization.

*Spitznas*, 464 F.3d at 1217.

### B. Analysis of Mr. McMillon's Claims Under the *Gonzalez* Test

In accordance with the procedure mandated by the Tenth Circuit, the Court must first determine, under the test set forth in *Gonzalez*, which of the particular bases for relief asserted by Mr. McMillon in the instant motion may be properly considered under Rule 60(b). In that regard, the Court concludes that the instant motion is a "mixed" motion, containing both "true" Rule 60(b) allegations and successive habeas claims.

In the first and second arguments contained in his motion, as enumerated above, Mr. McMillon alleges errors in the determination of his sentence; those arguments do not relate solely to the Court's previous denial of Mr. McMillon's section 2255 petition, and

they must therefore be deemed successive habeas claims. Mr. McMillon's fifth argument, relating to his alleged medical issues, is not clearly articulated. To the extent that Mr. McMillon seeks to set aside his plea as unknowing or involuntary, however, that claim would also go directly to his underlying convictions and would therefore be deemed a successive habeas claim. Mr. McMillon has not received authorization from the Tenth Circuit for a second or successive petition under 28 U.S.C. § 2255. Accordingly, this Court has no jurisdiction to consider these successive habeas claims, and those claims are hereby transferred to the Tenth Circuit.

Conversely, in the third and fourth claims contained in the instant motion, as enumerated above, Mr. McMillon challenges the means and basis by which this Court denied his section 2255 petition without reaching its merits. Similarly, to the extent that Mr. McMillon alleges, in his fifth argument, that his waiver of any collateral attack (as opposed to his plea) was unknowing or involuntary, such claim would also address only the Court's non-merits-based denial of the previous petition. Accordingly, the Court considers these claims for relief under Rule 60(b)(6), as requested by Mr. McMillon.

### C. Application of Rule 60(b)(6) in this Case

For a number of different reasons, the Court denies Mr. McMillon's motion under Rule 60(b)(6) with respect to the remaining bases for relief urged in the motion. First, the motion is untimely. Rule 60(b) requires that motions under that rule "be made within a reasonable time." Fed. R. Civ. P. 60(b). Mr. McMillon waited more than two years after this Court's order to challenge it. The remaining bases for the motion—the

language of the waiver, the lack of a hearing, and the alleged medical issues—were well known to Mr. McMillon at the time of the petition and its denial. The Court concludes that Mr. McMillon did not file the present motion "within a reasonable time" of the order from which he seeks relief, and the motion is denied on that basis.

Second, no extraordinary circumstances compel the requested relief. Relief under Rule 60(b)(6) from a final judgment or order requires a showing of "extraordinary circumstances". *See Gonzalez*, 545 U.S. at 535, 536; *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co.*, 962 F.2d 1528, 1534 (10th Cir. 1992) ("Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations."). This Court's denial of Mr. McMillon's section 2255 petition became final upon the affirmance by the Tenth Circuit. The Court concludes that Mr. McMillon has not shown that extraordinary circumstances demand that his petition—which was litigated to a final judgment, including appeal—be reopened.

Third, Mr. McMillon's arguments are also rejected on their merits, and the Court would deny the present motion on that basis as well. Mr. McMillon's third argument is that the sentencing guidelines enhancements applied by the Court constituted an "upward departure" for purposes of an exception to the waiver. The Tenth Circuit, however, flatly rejected that argument on appeal from the denial of the previous petition. *See McMillon*, 2005 WL 2746742, at *1. This Court is bound by the Tenth Circuit's ruling on that issue.

Mr. McMillon's fourth argument is that the Court should not have denied his petition without a hearing. A hearing was not required, however, because the files and records of the case conclusively showed that Mr. McMillon's waiver barred his petition for post-conviction relief. *See* 28 U.S.C. § 2255. While Mr. McMillon argues that he could have presented evidence concerning the allegedly improper calculation of this restitution amount, such evidence would not have affected the application of the waiver. Moreover, even after the Government urged enforcement of the waiver in its response to the petition, Mr. McMillon failed to reply with any arguments or evidence attacking the waiver. Accordingly, a hearing was not required, and Mr. McMillon is not entitled to relief from the Court's prior order on this basis.

Finally, in his fifth argument, Mr. McMillon alleges that various medical issues attended his plea hearing and that he therefore did not knowingly consent to those proceedings, which included the waiver of his right to file a collateral attack. Mr. McMillon has not submitted any evidence on this point, however, and he has failed to demonstrate that the alleged medical issues made his specific execution of the waiver or his answers to the Court during the plea colloquy involuntary or unknowing.

IT IS THEREFORE ORDERED THAT Mr. McMillon's Motion Pursuant to Rule 60(b)(6) (Doc. # 55) is denied to the extent set forth herein, and the Motion is otherwise transferred to the United States Court of Appeals for the Tenth Circuit for consideration

8

as a second or successive petition pursuant to 28 U.S.C. § 2255.  The Clerk of the Court shall mail copies of the Motion Pursuant to Rule 60(b)(6) (Doc. #55), the Government's Response to the motion (Doc. #59), Petitioner's Answer to Government's Response (Doc. #60),  and this Memorandum and Order (Doc. #61) to the United States Court of Appeals for the Tenth Circuit.

    IT IS SO ORDERED.


    Dated this 21st day of March, 2007, in Kansas City, Kansas.

    s/ John W. Lungstrum
    John W. Lungstrum
    United States District Judge